UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH GILMORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00215-JPH-MJD |
| ) | |
| BRIAN SMITH, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Kenneth Gilmore for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISF 17-10-0068. For the reasons explained in this Entry, Mr. Gilmore's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On October 5, 2017, investigator R. Evans wrote a conduct report charging Mr. Gilmore with trafficking. The conduct report stated:

> On September 4th, 2017 I Robert Evans an Investigator with the Office of Investigations and Intelligence conducted an interview with Officer Justin Johnson related to trafficking contraband/drugs into the Putnamville Correctional Facility. During the interview Officer Johnson reported that he in-fact had trafficked on three (3) separate occasions. The last trafficking incident occurred on August 28th 2017, CO Johnson reported that on 8-28-17 he received a package containing what he believed to be Suboxone from a female prior to coming to work. CO Johnson stated that Offender Kenneth Gilmore #863930 had given him a phone number to call and pick up drugs. CO Johnson was paid $1,100.00 to bring the items into the facility. CO Johnson while working in dorm 11S was contacted by Offender Tommie Jones #111493 at approx. 2046 hours in the 11/12 hallway after Jones knocked on the dorm door. CO Johnson passed the package to Offender Jones at the request of Offender Gilmore. According to CO Johnson Offender Gilmore approached him in the 11/12 hallway on 8-29-17 at approx. 0506 Offender Gilmore was observed on camera in the 11/12 hallway talking to Officer Johnson. CO Johnson stated he informed Gilmore he would not traffic with him anymore. CO Johnson is considered a credible witness due to the fact that he implicated himself in a criminal act.

Dkt. 7-1.

On October 11, 2017, Mr. Gilmore was notified of the charge and his rights. Dkt. 7-2. He pleaded not guilty and requested video footage "showing where he was talking." *Id.* He did not request any witnesses. *Id.* He requested a lay advocate and one was appointed. *Id.* Mr. Gilmore signed the screening report. *Id.*

On October 23, 2017, Sargent Hooker conducted a video review. In his summary of the video recording, Sargent Hooker stated, "I observed you (Offender Gilmore, Kenneth #863930) speak with Officer Johnson in the hallways of 11/12 on 8/29/2017 at approx. 0500 am." Dkt. 7-7.

On October 27, 2017, a disciplinary hearing was held in case ISF 17-10-0068. Mr. Gilmore stated, "He 'Johnson' never trafficked with me. There is no evidence. I never got caught with nothing, he never got caught with nothing. No video, no photo, no secret Jpay accounts." Dkt. 7-

2

6. Based on staff reports, Mr. Gilmore's statement, the video evidence, and the confidential report, the hearing officer found Mr. Gilmore guilty of A-113, trafficking. The hearing officer imposed the following sanctions: a 45-day loss of phone privileges, 180 days of restrictive housing (suspended), a credit class demotion, and 180 days lost earned credit time. *Id.*

Mr. Gilmore's appeals to the Facility Head and to the Final Review Authority were denied. Dkt. 7-8; dkt. 7-9. This habeas action followed.

### C.     Analysis

Mr. Gilmore alleges that his due process rights were violated in the disciplinary proceeding. His claims are summarized as the following: 1) he was denied the right to review and present all exculpatory evidence, including a video summary, witnesses, the internal investigation report, and a copy or written summary of his interview;  2) his lay advocate violated policy; 3) there was insufficient evidence of his guilt; 4) the hearing officer was not impartial; and 5) his appeals were arbitrarily denied.

The respondent argues that some of Mr. Gilmore's claims are procedurally defaulted because he did not raise them on appeal. Mr. Gilmore disputes this contention. The Court has determined that it is more efficient to review all of Mr. Gilmore's claims on the merits rather than first discuss the issue of procedural default as to some claims. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018) ("We pause here to confirm that this approach is consistent with the interests of comity, finality, federalism, and judicial efficiency that are at the heart of both the exhaustion requirement and the procedural default doctrine.").

### 1.     Denial of Evidence

Mr. Gilmore first argues that he was denied access to certain evidence, evidence that he describes as "exculpatory." Dkt. 1 at 3-6. "[P]rocedural due process require[s] prison officials to

disclose all material exculpatory evidence" to the petitioner in a disciplinary case. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). "Evidence is exculpatory if it undermines or contradicts the finding of guilt, and it is material if disclosing it creates a reasonable probability of a different result." *Keller v. Cross*, 603 F. App'x 488, 490 (7th Cir. 2015) (internal citations omitted). "There is an exception, however, to the disclosure of material, exculpatory evidence that would unduly threaten institutional concerns." *Jones*, 637 F.3d at 847 (internal quotation omitted).

Mr. Gilmore asserts that he was denied specific video evidence that he requested. The screening report reflects that he requested "video showing where he was talking." Dkt. 7-2. The video summary described Mr. Gilmore talking to Officer Johnson, who admitted to trafficking in the hallways of 11/12 on August 29, 2017, at approximately 5:00 am. There was nothing more specific in Mr. Gilmore's request, and the video showed him talking to the officer involved. Mr. Gilmore argues in his reply that he asked for video showing him giving anything to or receiving from Officer Johnson. This is not what he requested, but even if it was, such video would not support Mr. Gilmore's defense because the conduct report does not state that anything was passed between Mr. Gilmore and Officer Johnson. To the extent Mr. Gilmore argues that the video was exculpatory, he is mistaken.

Mr. Gilmore contends in his reply that before his hearing, he requested that Officer Johnson and offender Tommie Jones be witnesses. There is no record of any such request. He argues that those individuals would state that Mr. Gilmore was not involved in any trafficking. This claim defies logic because it was Officer Johnson's statement that he and Mr. Gilmore were involved in trafficking with offender Jones that formed the basis for the charge against Mr. Gilmore. Officer Johnson's testimony was described in the conduct report. Regardless of what offender Jones might have said if asked to testify, Officer Johnson's admissions during the investigation provided

4

sufficient evidence to find Mr. Gilmore guilty, so even if Mr. Gilmore had timely requested offender Jones to testify, it would not have changed the outcome. *See Jones,* 637 F.3d at 846-47 (absent prejudice, any alleged due process error is harmless error).

Finally, Mr. Gilmore's argument that he was denied the ability to review the confidential investigation report and denied a copy of his interview fails for several reasons. First, there is no record that he requested any report or interview. Second, the Court has reviewed the confidential investigation report and concludes that to disclose the report to Mr. Gilmore would threaten security concerns at the prison. Dkt. 10. There is nothing exculpatory in the investigation report and, in fact, it contains even more evidence against him. Mr. Gilmore alleges that he was interviewed. Dkt. 1 at 4. He has not provided any reason why the alleged denial of a written copy of the interview transcript violated his due process rights and the Court finds none. Mr. Gilmore told the hearing officer that he never trafficked with Officer Johnson and he "never got caught with nothing." Dkt. 7-6. The hearing officer considered these statements and apparently did not find them credible.

For the above reasons, Mr. Gilmore's various denial of evidence claims fail.

**2.      Lay Advocate**

For his second claim, Mr. Gilmore argues that his lay advocate failed to help him obtain documents, witnesses, or otherwise prepare a defense. He contends that this violated Indiana Department of Correction (IDOC) policy. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S.

472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process."); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

In addition, there is no constitutional right to have a lay advocate assigned. *Martin v. Zatecky*, 749 F. App'x 463, 466 (7th Cir. 2019) (A petitioner "lacks a right to a lay advocate unless he is illiterate or the subject matter is complex."). Here, there is no allegation that Mr. Gilmore was illiterate or that the case of trafficking was too complex for him to understand. For these reasons, Mr. Gilmore's second claim lacks merit.

### 3. Some Evidence

Next, Mr. Gilmore argues that there was insufficient evidence to find him guilty. "Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016)) (quoting *Hill*, 472 U.S. at 455-56)); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

>Offense A-113, trafficking, is defined as:
>
>Giving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee. An offender engaging in behavior violating this provision or the Indiana Code criminal provisions IC 35-44.1-3-5 or IC 35-44.1-3-6 commits the act of trafficking, regardless of whether the offender is criminally arrested, prosecuted, or convicted.

Dkt. 7-10.

>Indiana Code 35-44.1-3-5 (b) states:
>
>A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
>
>(1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
>
>(2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
>
>(3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or child of a jail work crew or community work crew;
>
>commits trafficking with an inmate, a Class A misdemeanor. However, the offense is a Level 5 felony under subdivision (1) or (2) if the article is a controlled substance, a deadly weapon, or a cellular telephone or other wireless or cellular communications device.

Ind. Code § 35-44.1-3-5(b).

As the Court alluded to above, the confidential investigation report, which was reviewed by the hearing officer, describes the evidence that corroborated Officer Johnson's admissions to engaging in trafficking with Mr. Gilmore. In addition to the confidential report, the conduct report itself contains Officer Johnson's description of how and when he trafficked with Mr. Gilmore. Dkt. 7-1. Officer Johnson reported that Mr. Gilmore gave him a phone number to call to arrange to pick up drugs. *Id.* Officer Johnson then gave a package of what he believed to be suboxone to

7

offender Jones at the direction of Mr. Gilmore. The evidentiary standard was more than met in this case.

### 4. Hearing Officer

Next, Mr. Gilmore alleges that the hearing officer failed to investigate the conduct and carefully review the evidence. He contends that the hearing officer was biased and made a "premeditated" decision. Dkt. 1 at 5.

Inmates are entitled to an impartial decision-maker. Mr. Gilmore, however, has alleged no facts that would render the hearing office partial or biased. Simply alleging bias is not sufficient to support a due process violation. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he constitutional standard for impermissible bias is high." *Id.* Mr. Gilmore's allegations do not rise reach that standard. Accordingly, this claim is meritless.

### 5. Appeals

Mr. Gilmore's final claim is that his appeals were arbitrarily denied without proper review and investigation. This claim warrants no discussion because there is no due process right to an administrative appeal. The procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001) (The Supreme Court has "warn[ed] the courts of appeals not to add to the procedures required by *Wolff*").

### 6. Summary

Mr. Gilmore was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described

the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Gilmore's due process rights.

### D. Conclusion

For the above reasons, Mr. Gilmore is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 7/21/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENNETH GILMORE
863930
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov